**SO ORDERED.**

**SIGNED this 03 day of March, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

GREGORY ALLEN MOORE,                    CASE NO. 05-09201-8-RDD

DEBTOR.                                 Chapter 13

ORDER

This matter came before the court on Steven Ira Cohen's ("Cohen") motion requesting payment of administrative expenses.  A hearing took place in Raleigh, North Carolina, on January 28, 2010.  Pursuant to the oral ruling at the hearing, the parties had 10 days to file memoranda regarding this issue; however, none were filed.

BACKGROUND

In October 2001, the debtor and Cohen entered into an agreement whereby the debtor purchased a chiropractic business from Cohen.  The purchase price for the business assets was $450,000.00, which was evidenced by a promissory note and security agreement.  On April 1, 2002, the same parties entered into a lease agreement for the rental of office space at a rate of $3,100.00 a month.  Ultimately, the debtor defaulted under both the promissory note and the lease agreement.  On May 20, 2005, Cohen initiated an action in Superior Court of Pitt County

for recovery of damages. When the complaint was filed, Cohen was represented by counsel, Larry Economos. However, on October 7, 2005, Economos withdrew as counsel. At that time, Cohen began representing his interest *pro se*. On October 13, 2005, the debtor filed for relief under chapter 13 of the Bankruptcy Code. The debtor was not served with the order allowing Economos to withdraw until October 14, 2005.

Beginning in March 2005 and continuing until approximately May 2007, Cohen was incarcerated under charges of mail fraud at the Federal Correctional Institution in Petersburg, Virginia. Prior to incarceration, Cohen executed a power of attorney naming Linda Leggett his legal representative. Pursuant to the power of attorney, Leggett was authorized to deal with Cohen's ongoing financial affairs and property management, including the office space rented by the debtor. On February 7, 2006, the debtor's chapter 13 plan was confirmed and the plan assumed the unexpired lease of the office space. In summer of 2005 and again in October 2005, the debtor personally notified Leggett of the bankruptcy. This court previously held that Leggett received reasonable notice from the debtor regarding the bankruptcy. As Cohen's attorney-in-fact, Leggett's knowledge is imputed to Cohen.

On September 20, 2009, Cohen filed a motion requesting relief from the automatic stay asserting, *inter alia*, that the debtor owes $15,000 in past due rent at the time of filing the petition. Pursuant to the order filed on January 12, 2010, the motion was denied. However, consistent with the oral ruling at the hearing, this court granted Cohen 20 days from the date of the hearing to file an administrative claim for any amount of the assumed lease which has not been paid into the confirmed plan.

**DISCUSSION**

Pursuant to the Bankruptcy Code, an estate may assume an unexpired lease entered into by the debtor.  11 U.S.C. § 365(a).  However, an assumption requires the cure of any pre-petition defaults and adequate assurance of future performance.  11 U.S.C. § 365(b)(1).  The obligations incurred by the assumption of a lease are administrative expenses.  NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531-32 (1984).  "An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause."  11 U.S.C. § 503(a).  Neither the Bankruptcy Code nor the Bankruptcy Rules set forth a deadline for filing administrative expense claims.  In re Guillebeaux, 361 B.R. 87, 91 (Bankr. M.D.N.C. 2007).  As a result, bankruptcy courts may exercise their discretion in setting administrative claim bar dates according to the circumstances of the case.  Id.; See also In re Southern Soya Corp., 251 B.R. 302, 311 (Bankr. D.S.C. 2000).

At hearing, the debtor testified that the lease was current prior to filing the petition because he sent a check of approximately $12,000 for past due rent to Economos.  Leggett testified that the debtor owed $14,700 in past due rent prior to filing the petition according to her payment history record.  However, the critical fact is the substantial delay in filing a claim for pre-petition past due rent.

Leggett had notice of the debtor's bankruptcy petition, which listed Cohen as a creditor. The debtor's confirmed plan assumed the unexpired lease, but made no provision for cure of any pre-petition arrearage.  The debtor continued to occupy the office space, and Leggett had the full authority to file a claim on Cohen's behalf.  Yet, neither Cohen nor Leggett asserted any pre-petition default under the lease until September 25, 2009, nearly four years after the debtor filed

the petition. The administrative claim is untimely and Cohen failed to demonstrate cause for the delay. As a result, the administrative claim for pre-petition past due rent is barred.

To the extent that there is any post-petition arrearage, this obligation clearly arose under the confirmed plan. The debtor must promptly pay into the plan an amount sufficient to satisfy this obligation. Counsel are directed to attempt to agree on this amount within ten days of this order, failing which the court will resolve the matter.

## CONCLUSION

Based on the foregoing, the motion for payment of pre-petition arrearages under the lease is **DENIED**. The motion for payment of post-petition lease obligations is **ALLOWED**.

"END OF DOCUMENT"